IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-461-CR


AND


NO. 3-92-462-CR




CAROL VOLKMANN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY



NOS. 350-469 & 350-492, HONORABLE DAVID PURYEAR, JUDGE PRESIDING


 





PER CURIAM

 At a single trial, the county court at law found appellant guilty of driving while
intoxicated and possession of alprazolam, a controlled substance. Tex. Rev. Civ. Stat. Ann. art.
6701l-1 (West Supp. 1993); Tex. Health & Safety Code Ann. § 481.117 (West 1992). The court
assessed punishment at incarceration for seventy-five days and a $1000 fine in the former cause,
and at incarceration for seventy-five days and a $500 fine in the latter. In both causes, the court
suspended imposition of sentence and placed appellant on probation.

 On the night of January 26, 1991, Department of Public Safety troopers Chris Love
and Leo Pena stopped a car driven by appellant after the officers saw it exceed the speed limit and
weave from side to side within its lane of traffic. When appellant was asked to step from her car,
she staggered and had difficulty maintaining her balance. Appellant's pupils were dilated, her
speech was slurred, and she had a blank stare on her face. One officer described appellant as
"spaced out." Appellant was unable to perform several field sobriety tests. The officers
concluded that appellant was intoxicated.

 Inside appellant's car the officers found a cloth bag containing approximately two
hundred pills, a white powder residue, and drug paraphernalia including scales and a "cocaine
grinder." Subsequent tests showed that some of the pills contained alprazolam, known by the
trade name Xanax, while others contained diazepam, also known as Valium. The white powder
was cocaine.

 Following her arrest, appellant was videotaped at the jail. The tape was admitted
in evidence and viewed by the court.

 In her only point of error, appellant urges that the evidence is legally insufficient
to prove that she was intoxicated at the time and place in question. Her argument under this point
is merely an attack on the credibility of the two officers and an assertion that the court should have
believed her own exculpatory testimony. The credibility of the witnesses, however, was for the
trial court to determine. When viewed in the light most favorable to the verdict, the evidence is
legally sufficient to support a finding that appellant drove a motor vehicle in a public place while
not having the normal use of her mental or physical faculties by reason of the introduction of a
controlled substance into her body. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State,
820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App.
1981). The point of error is overruled.

 The judgments of conviction are affirmed.


[Before Justices Powers, Kidd and B. A. Smith]

Affirmed on Both Causes

Filed: March 31, 1993

[Do Not Publish]